# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

BRUCE FURLAN,

    Plaintiff,

v.                                 CASE NO.: 8:26-cv-01405

GREYSTAR MANAGEMENT
SERVICES, LLC,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRUCE FURLAN, (hereinafter "Plaintiff" or "Mr. Furlan"), by and through the undersigned counsel, files this Complaint and Demand for Jury Trial against Defendant, GREYSTAR MANAGEMENT SERVICES, LLC, (hereinafter "Defendant" or "Greystar"), and alleges:

## JURISDICTION AND VENUE

1. This is a civil action under federal law by Plaintiff against his former employer for monetary damages, declaratory relief and for other equitable relief pursuant to Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), and the Florida Civil Rights Act of 1992 ("FCRA").

2. This Court has jurisdiction over Plaintiff's Title VII claims under 28 U.S.C §§ 1331 and 1334.

3. The claims that arise under state law arise out of the same nexus of operative facts, and this Court therefore has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the United States District Court, Middle District of Florida, pursuant to 28 U.S.C. § 1391(b)(2) as the events or transactions out of which this claim arose occurred in Hillsborough County, which is located within the Middle District of Florida.

## PARTIES

5. Plaintiff, BRUCE FURLAN, is a male who resides in Hillsborough County, Florida, located in the Middle District of Florida.

6. Defendant, GREYSTAR MANAGEMENT SERVICE, LLC, is a Limited Liability Company principally located at 465 Meeting Street, Suite 500, Charleston, South Carolina 29403.

7. However, Defendant operates a branch located at 902 Delaney Circle, Brandon, Florida 33511, at which Plaintiff worked.

8. Plaintiff has satisfied all conditions precedent to bringing this action.

## GENERAL ALLEGATIONS

9. Bruce Furlan is a fifty-four-year-old male.

10. In and around March 2021, Greystar hired Mr. Furlan as a Maintenance Technician at the Edge of Brandon apartment complex.

11. As part of his duties, Mr. Furlan was tasked with the overall maintenance of the property and the apartments.

2

12. In July 2024, Vicki Calvil (Female Leasing Agent) approached Mr. Furlan and told him that she could see his nipples through his shirt. Specifically, Ms. Calvil said, "Oh look I see your nipples through your shirt."

13. Ms. Calvil repeated this comment several times in front of Mr. Furlan's coworkers throughout his employment with Greystar.

14. On one occasion, Sarah McPhail (Female Leasing Agent) heard Ms. Calvil's comment and told Mr. Furlan she thought that Ms. Calvil liked him. In fact, Vicki Gingras (Female Resident at Edge of Brandon) witnessed Ms. Calvil talking about Mr. Furlan with her coworkers when he was out of the office, and even said, "Could you imagine going home with him?"

15. In and around August 5, 2024, Mr. Furlan returned to the office to grab his keys and some paperwork.

16. When Mr. Furlan entered the room, he saw Ms. Calvil, Ms. McPhail, and Amanda LNU (Female Assistant Property) talking to each other. Mr. Furlan stood near Ms. Calvil's desk waiting to interrupt the conversation.

17. Suddenly, Ms. Calvil approached Mr. Furlan and pinched his left nipple and stated, "Oh these stick out so far." In response, Mr. Furlan said, "Don't touch me," and he left.

18. The following day, at approximately 10:00 a.m., Mr. Furlan reported the incident involving Ms. Calvil to Amy Sullivan (Female Property Manager).

19. Specifically, Mr. Furlan told Ms. Sullivan that Ms. Calvil inappropriately grabbed his nipple. Mr. Furlan told Ms. Sullivan that he thought it was sexual harassment.

20. Instead of investigating Mr. Furlan's complaint, Ms. Sullivan stated, "stay in your lane," which suggested to him that she did not take his complaint seriously and did not intend to discipline Ms. Calvil for her actions.

21. After Mr. Furlan complained to Ms. Sullivan that Ms. Calvil had sexually harassed him, Ms. Calvil, Ms. McPhail, and Amanda LNU started refusing to help him with his daily tasks or deliberately ignored him when he spoke to them.

22. On August 19, 2024, Mr. Furlan emailed Lillian Fuentes (Female Regional Manager) following up on his first complaint of sexual harassment to Ms. Sullivan. Mr. Furlan again complained to Ms. Fuentes that the office staff were extremely unprofessional because they were "grabbing [his] body parts." However, nothing came of his complaint.

23. On August 24, 2024, Mr. Furlan went on approved FMLA leave because of blood in his urine due to the stress caused by his hostile work environment.

24. On September 16, 2024, Mr. Furlan returned to work from his FMLA leave.

25. In and around September 22, 2024, Mr. Furlan met with Ms. Fuentes and complained about how Ms. Calvil repeatedly made comments about seeing his nipples through his shirt, about how she grabbed his left nipple, and that he had previously complained to Ms. Sullivan about Ms. Calvil's behavior to no avail. Mr.

4

Furlan also told Ms. Fuentes that Amanda, Ms. McPhail, and Vicki Gingras had witnessed Ms. Calvil pinch his nipple. Despite this, Ms. Fuentez appeared disinterested during this conversation and did nothing to address my complaints.

26. In and around December 19, 2024, Daniel Gonzalez (Male Maintenance Manager) advised Mr. Furlan that he was being placed on paid administrative leave until further notice. Mr. Gonzalez told Mr. Furlan that he had not gotten an explanation from Ms. Fuentes regarding this leave.

27. On December 20, 2024, Mr. Furlan had a meeting with Ms. Fuentes during which she made a series of false accusations against him.

28. Ms. Fuentes then terminated Mr. Furlan from his position.

29. Mr. Furlan has incurred attorney fees and costs in bringing this matter.

**COUNT I**
**Violation of Title VII of the Civil Rights Act of 1964**
**Discrimination Resulting in a Hostile Work Environment**
**Based on Sex in the Form of Sexual Harassment**

30. Plaintiff, BRUCE FURLAN, re-alleges and incorporates the allegations put forth in paragraphs one (1) through twenty-nine (29) as if set forth herein in full.

31. Mr. Furlan is protected from discrimination on the basis of his gender.

32. At all material times, Mr. Furlan was an employee, and the Defendant was his employer covered by and within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

33. Mr. Furlan was qualified for the position he held with the Defendant.

34. Mr. Furlan's female coworkers sexually harassed him.

35. Ms. Calvil regularly made highly inappropriate sexual comments toward Mr. Furlan to sexually harass him. Specifically, Ms. Calvil approached Mr. Furlan and stated, "Oh look I see your nipples through your shirt." Ms. Calvil repeated this comment several times in front of Mr. Furlan's coworkers in an attempt to embarrass and humiliate him. On one occasion, Ms. Calvil approached Mr. Furlan and pinched his left nipple and stated, "Oh these stick out so far."

36. Although Mr. Furlan made several complaints of sexual harassment to Amy Sullivan and Lillian Fuentes about Ms. Calvil's sexually abusive behavior, Defendant has done nothing to address these complaints.

37. Defendant knew or should have known of the sexual harassment and failed to take prompt remedial action.

38. The discriminatory conduct described herein was severe and pervasive and subjected Mr. Furlan to a work environment that was intimidating, hostile, and offensive. This hostile work environment detrimentally interfered with Mr. Furlan's ability to perform his job duties.

39. Defendant's actions in subjecting Mr. Furlan to a sexually abusive hostile work environment were reckless, willful, and malicious.

40. Defendant failed to take adequate remedial measures in response to Furlan's reports of sexual harassment.

41. Defendant's actions, as set forth above, constitute intentional discrimination on the basis of Plaintiff's sex in violation of Section 703 of Title VII, 42 U.S.C. §2000e-2.

42.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to his professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE,** Plaintiff requests a trial by jury of all issues so triable as a matter of right, and:

A.    Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

B.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

C.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

D.    Reasonable attorney's fees and costs;

E.    Compensatory damages;

F.    Punitive damages; and

G.    Such other relief as this Court shall deem appropriate.

**COUNT II**
**Violation of Title VII of the Civil Rights Act of 1964**
**Discrimination Resulting in Adverse Employment Action**
**Based on Sex in the Form of Sexual Harassment**

43.     Plaintiff, BRUCE FURLAN, re-alleges and incorporates the allegations put forth in paragraphs one (1) through twenty-nine (29) as if set forth herein in full.

44.     Mr. Furlan is protected from discrimination on the basis of his gender.

45.     At all material times, Mr. Furlan was an employee, and the Defendant was his employer covered by and within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

46.     Mr. Furlan was qualified for the position he held with the Defendant.

47.     Defendant subjected Mr. Furlan to adverse employment action based on his gender.

48.     On December 20, 2024, Defendant terminated Mr. Furlan from his position because of he was a male victim of sexual harassment.

49.     Defendant's actions in terminating Mr. Furlan because of his gender were reckless, willful, and malicious.

50.     Defendant's actions, as set forth above, constitute intentional discrimination on the basis of Plaintiff's sex in violation of Section 703 of Title VII, 42 U.S.C. §2000e-2.

51.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to his professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE,** Plaintiff requests a trial by jury of all issues so triable as a matter of right, and:

A. Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

B. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

C. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

D. Reasonable attorney's fees and costs;

E. Compensatory damages;

F. Punitive damages; and

G. Such other relief as this Court shall deem appropriate.

**COUNT III**
**Violation of Title VII of the Civil Rights Act of 1964**
**Retaliation for Engaging in Protected Activity**
**Resulting in Adverse Employment Action**

52. Plaintiff, BRUCE FURLAN, re-alleges and incorporates the allegations put forth in paragraphs one (1) through twenty-nine (29) as if set forth herein in full.

53. Plaintiff is a member of a protected class under Title VII.

54. Plaintiff engaged in protected activity when he repeatedly complained to Amy Sullivan and Lillian Fuentes that he had been sexually harassed by Ms. Calvil.

55.    Defendant failed to conduct an adequate investigation regarding Mr. Furlan's complaints.

56.    Instead, Defendant retaliated against Plaintiff for engaging in a protected activity under Title VII by terminating Plaintiff after he complained about being sexually harassed.

57.    As a direct, proximate and foreseeable result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, loss of benefits, inconvenience, embarrassment, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.

**WHEREFORE**, Plaintiff demands entry of a Final Judgment against Defendant for the following:

A.    An award of Back Pay damages;

B.    An award of Front Pay damages;

C.    Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D.    Prejudgment interest;

E.    An award of Punitive damages;

F.    Reasonable attorney's fees and costs; and

G.    All such other relief as the Court deems just, equitable and appropriate

## COUNT IV
### Violation of the FCRA
### Discrimination Resulting in a Hostile Work Environment
### Based on Sex in the Form of Sexual Harassment

58.     Plaintiff, BRUCE FURLAN, re-alleges and incorporates the allegations put forth in paragraphs one (1) through twenty-nine (29) as if set forth herein in full.

59.     Mr. Furlan is a man and as such, is protected from discrimination on the basis of his gender.

60.     At all material times, Mr. Furlan was an employee, and the Defendant was his employer covered by and within the meaning of the Florida Civil Rights Act of 1992 ("FCRA").

61.     Mr. Furlan was qualified for the position he held with the Defendant.

62.     Mr. Furlan's female coworkers sexually harassed him.

63.     Ms. Calvil regularly made highly inappropriate sexual comments toward Mr. Furlan to sexually harass him. Specifically, Ms. Calvil approached Mr. Furlan and stated, "Oh look I see your nipples through your shirt." Ms. Calvil repeated this comment several times in front of Mr. Furlan's coworkers in an attempt to embarrass and humiliate him. On one occasion, Ms. Calvil approached Mr. Furlan and pinched his left nipple and stated, "Oh these stick out so far."

64.     Although Mr. Furlan made several complaints of sexual harassment to Amy Sullivan and Lillian Fuentes about Ms. Calvil's sexually abusive behavior, Defendant has done nothing to address these complaints.

11

65. Defendant knew or should have known of the sexual harassment and failed to take prompt remedial action.

66. The discriminatory conduct described herein was severe and pervasive and subjected Mr. Furlan to a work environment that was intimidating, hostile, and offensive. This hostile work environment detrimentally interfered with Mr. Furlan's ability to perform his job duties.

67. Defendant's actions in subjecting Mr. Furlan to a sexually abusive hostile work environment were reckless, willful, and malicious.

68. Defendant failed to take adequate remedial measures in response to Furlan's reports of sexual harassment.

69. By virtue of the actions described herein, Defendant has violated the FCRA.

70. As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to his professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE,** Plaintiff requests a trial by jury of all issues so triable as a matter of right, and:

A. Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

B.      Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

C.      Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

D.      Reasonable attorney's fees and costs;

E.      Compensatory damages;

F.      Punitive damages; and

G.      Such other relief as this Court shall deem appropriate.

**COUNT V**
**Violation of the FCRA**
**Discrimination Resulting in Adverse Employment Action**
**Based on Sex in the Form of Sexual Harassment**

71.     Plaintiff, BRUCE FURLAN, re-alleges and incorporates the allegations put forth in paragraphs one (1) through twenty-nine (29) as if set forth herein in full.

72.     Mr. Furlan is protected from discrimination on the basis of his gender.

73.     At all material times, Mr. Furlan was an employee, and the Defendant was his employer covered by and within the meaning of the Florida Civil Rights Act of 1992 ("FCRA").

74.     Mr. Furlan was qualified for the position he held with the Defendant.

75.     Defendant subjected Mr. Furlan to adverse employment action based on his gender.

76.     On December 19, 2024, Defendant terminated Mr. Furlan from his position because of he was a male victim of sexual harassment.

13

77. Defendant's actions in terminating Mr. Furlan because of his gender were reckless, willful, and malicious.

78. By virtue of the actions described herein, Defendant has violated the FCRA.

79. As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to his professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE,** Plaintiff requests a trial by jury of all issues so triable as a matter of right, and:

A. Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

B. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

C. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

D. Reasonable attorney's fees and costs;

E. Compensatory damages;

F. Punitive damages; and

G. Such other relief as this Court shall deem appropriate.

## COUNT VI
### Violation of the FCRA
### Retaliation for Engaging in Protected Activity
### Resulting in Adverse Employment Action

80.    Plaintiff, BRUCE FURLAN, re-alleges and incorporates the allegations put forth in paragraphs one (1) through twenty-nine (29) as if set forth herein in full.

81.    Plaintiff is a member of a protected class under the FCRA.

82.    Plaintiff engaged in protected activity when he repeatedly complained to Amy Sullivan and Lillian Fuentes that he had been sexually harassed by Ms. Calvil.

83.    Defendant failed to conduct an adequate investigation regarding Mr. Calvil's complaints.

84.    Instead, Defendant retaliated against Plaintiff for engaging in a protected activity under the FCRA by terminating Plaintiff after he complained about being sexually harassed.

85.    As a direct, proximate and foreseeable result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, loss of benefits, inconvenience, embarrassment, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.

**WHEREFORE**, Plaintiff demands entry of a Final Judgment against Defendant for the following:

A.    An award of Back Pay damages;

15

B.      An award of Front Pay damages;

C.      Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D.      Prejudgment interest;

E.      An award of Punitive damages;

F.      Reasonable attorney's fees and costs; and

G.      All such other relief as the Court deems just, equitable and appropriate

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Dated this 11th day of May, 2026.

*/s/ Gary L Printy, Jr, Esq*
**Gary L. Printy, Jr**
Florida Bar No. 41956
**PRINTY LAW FIRM**
5407 N Florida Ave.
Tampa, Florida 33604
Telephone (813) 434-0649
FAX (813) 423-6543
garyjr@printylawfirm.com
e-service@printylawfirm.com
*Lead Counsel for Plaintiff*
